# E. M. Butz, to use of National Bank of Fayette County *v.* Fayette County, Appellant.

*Municipalities—Contracts—County commissioners.*

The Supreme Court will not reverse a judgment in favor of an architect against a county for increased compensation over the amount named in a contract for building a county court house, where it appears that a change in the plans imposed additional work upon the architect, and the action of the county commissioners in approving of the increased compensation was done in entire good faith.

Argued May 15, 1895. Appeal, No. 10, July T., 1895, by defendant, from judgment of C. P. Fayette Co., Dec. T., 1894, No. 383, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit by architect on contract for supervising building of a court house. Before MESTREZAT, J.

At the trial it appeared that plaintiff was employed by defendant in 1888 to provide plans for the erection of a jail and for some alterations in the court house, and to supervise the work. He was to receive as compensation five per cent on the total cost of the work. On Oct. 28, 1889, he was again employed to draw up plans and specifications for the erection of a new court house. The evidence showed that in consideration of the fact that the other contract was running at the same time, he agreed to take three per cent for supervising the work under the second contract. After the plans for the new court house had been adopted and the contract let, the county commissioners determined that additional land was needed for the proper location of the building. This led to a delay of sixteen

months, and the commissioners accordingly voted to increase the plaintiff's compensation to four per cent on the total cost of the work.

Defendant's points, among others, were as follows:

" 1. That under the contract of Oct. 28, 1889, and the acceptance thereof, the plaintiff was bound to prepare all necessary plans and specifications, and give an architectural supervision to said court house during its erection, without regard to the time consumed therein, and that any change required by the commissioners on said plans and designs should be made without extra cost over and above the commission of three per cent on the contract price. *Answer:* That is affirmed, if said contract was not subsequently changed by the parties. We have already so instructed you. If this case depends upon the original contract, this plaintiff would only be entitled to three per cent; but if there was a subsequent contract for a sufficient consideration, as I have explained to you, then the plaintiff would be entitled to recover under that contract." [7]

Verdict and judgment for plaintiff for $2,845.

*Error assigned,* among others, was (7) above instruction.

*R. F. Hopwood,* for appellant.—The subsequent promise for additional compensation was without consideration and void: Chester County v. Barber, 97 Pa. 455; Lancaster County v. Fulton, 128 Pa. 48.

*S. E. Ewing, A. C. Hagan* with him, for appellee, cited: Act of April 15, 1834, sec. 19, P. L. 541; Cooper v. Lampeter Twp., 8 Watts, 128; Allegheny County v. Lecky, 6 S. & R. 166; Jefferson County v. Slagle, 66 Pa. 202.

PER CURIAM, May 27, 1895:

We find nothing in this record that would justify a reversal of the judgment. Nor do we think that either of the assignments of error requires special consideration. If, in the judgment of the county commissioners, the plaintiff was justly entitled to additional compensation, they had an undoubted right to approve his claim, in part at least. There is nothing whatever in the testimony to show that in doing so they did not act in

entire good faith.   The case was fairly submitted to the jury
with instructions which appear to be adequate and free from
substantial error.

Judgment affirmed.